UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NANCY WONG,

                        Plaintiff,                      REPORT AND
                                                               RECOMMENDATION

                  -against-                      15-CV-2815 (ENV)

POLICE OFFICER
ALEXANDER DELGIORNO, et al.,

                       Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Nancy Wong ("plaintiff") filed her civil rights complaint on May 15, 2015, naming as defendants, *inter alia*, four employees of the New York State Insurance Fund ("NYSIF"): Ying Hong Wang, Alyce Siegel, Eric Madoff, and Joseph Mullin (collectively, the "state defendants" or "NYSIF defendants"). See Complaint (May 15, 2015) ("Compl.") ¶¶ 4-5, Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Plaintiff was ordered, more than six months ago, to make a showing that the state defendants were properly served. She never did so, and since then has made no meaningful effort to pursue her claims against the state defendants. Accordingly, this Court recommends that plaintiff's claims against the state defendants be dismissed with prejudice for failure to prosecute.

## BACKGROUND

      After the action was commenced on May 15, 2015, defendants Alexander Delgiorno, Evan Mele, and the City of New York (collectively, the "city defendants") answered on September 24, 2015, see Answer (Sept. 24, 2015), DE #5, and the undersigned magistrate

judge scheduled an initial conference, see Scheduling Order (Sept. 24, 2015), DE #6. In granting plaintiff's motion to adjourn the initial conference, the Court directed plaintiff to serve the state defendants forthwith, if she had not already done so. See Electronic Order (Oct. 19, 2015).

More than three weeks later, plaintiff filed affidavits of service, dated November 9, 2015, indicating that plaintiff's process server had served all of the defendants on July 7, 2015. See Summons Returned Executed (Nov. 12, 2015) ("Summons Return"), DE #10 at 3-7. According to the affidavits, the process server had served the four state defendants -- along with NYSIF itself -- by delivering copies of the summons and complaint to one Jaime Leon at NYSIF's office at 199 Church Street, New York, New York. See id.

On November 19, 2015, Assistant State Attorney General D. Stan O'Loughlin filed a letter with the Court stating that plaintiff's purported service on Jaime Leon -- apparently a security guard at NYSIF's office --

> fails to comply with the service requirements set out in either Rule 4(e) of the Federal Rules of Civil Procedure [("FRCP")] or Rule 308 of the New York Civil Practice Law and Rules [("CPLR")]. Consequently, there is no personal jurisdiction over the NYSIF [d]efendants. Plaintiff has also failed to comply with Rule 4(m), as more than 120 days have passed since the summons and complaint were filed and plaintiff's counsel cannot demonstrate "good cause" for such failure.

Letter re: Plaintiff's Failure to Serve NYSIF Defendants (Nov. 19, 2015) at 1, DE #12.[1]

Under section 308(2) of the CPLR -- which Rule 4(e)(1) of the FRCP incorporates by

---

[1] On December 1, 2015, the presumptive time under Rule 4(m) for serving a defendant was reduced from 120 days to 90 days. See Fed. R. Civ. P. 4(m) (advisory committee's note to 2015 amendment).

reference -- service may be effected on a natural person

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served *and* by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

N.Y. CPLR § 308(2) (emphasis added). Service under this method also requires that proof of service be filed with the clerk of the court "within twenty days of either such delivery or mailing, whichever is effected later[.]" Id. The proof of service "shall identify such person of suitable age and discretion and state the date, time and place of service . . . ." Id. Service is not complete until ten days after the proof of service is filed. See id.

At the initial conference held on November 19, 2015, the Court raised the issue of the adequacy of service on the state defendants. See Transcript of Proceedings held on November 19, 2015, before Judge Mann (May 11, 2016) ("11/19/15 Tr.") at 3-8, DE #32. Plaintiff's counsel contended that the process server had also mailed copies of the summons to the state defendants, as required under CPLR § 308(2), but had "forgot[ten] to put that in his affidavit of service." 11/19/15 Tr. at 6. Mr. O'Loughlin, appearing telephonically, stated that none of the state defendants had received the summons by mail, and that, in any event, service was untimely, see id., as the 120-day limit under Rule 4(m) had expired in September 2015, while service under CPLR § 308(2) was not complete until November 19, 2015, ten days after the proof of service was filed.[2]

---

[2] Moreover, the proof of service was not filed with the Clerk of the Court until more than four months after the delivery of the summons and complaint, and the affidavits of service do not

(continued...)

The Court declined to grant plaintiff's oral request to amend the affidavits of service or for leave to re-serve the state defendants. See Minute Entry (Nov. 19, 2015) ("11/19/15 Minute Entry") at 1, DE #13. Instead, the Court directed the parties to address these issues in motion practice, which plaintiff's counsel would initiate. See id. at 2; see also 11/19/15 Tr. at 24 ("[Plaintiff's Counsel]: I'll make the motion.").

Plaintiff's counsel never initiated this motion practice. Instead, nearly six months later, on May 11, 2016, the Attorney General's Office filed a letter informing the Court that, on May 3, 2016, plaintiff's counsel attempted to re-serve the state defendants -- in contravention of this Court's order -- by, once again, delivering copies of the complaint to a security guard at the NYSIF office. See Letter Updating the Court (May 11, 2016) ("5/11/16 AG Letter") at 3, DE #32.[3] The state defendants requested that the District Court exercise its authority under Rule 4(m) of the FRCP to dismiss the complaint *sua sponte* for lack of timely service. See id.

On May 23, 2016, the District Court referred the issues raised in the Attorney General's May 11th letter to the undersigned magistrate judge and directed plaintiff to file a response to that letter on or before May 31, 2016. See Order (May 23, 2016). Plaintiff did not do so. Instead, on June 6, 2016 -- one week after the expiration of the court-ordered deadline and after a draft of this Report and Recommendation had already been prepared --

---

[2](…continued)
indicate the time of service, as required under CPLR § 308(2). See Summons Return at 3-7.

[3] No affidavit or other proof of this second service was ever filed, and the state defendants deny receiving any mailed copies of the summons or complaint. See 5/11/16 AG Letter at 3. The Attorney General's Office now represents the four state defendants, but does not intend to appear in the action, as personal jurisdiction over these defendants is lacking. See id. at 1.

-4-

plaintiff filed a perfunctory letter, devoid of any explanation for its tardiness, stating that "[p]laintiff will voluntarily discontinue her claims against the state defendants, without prejudice and without waiving her right to re-file a lawsuit against these defendants." Letter by Nancy Wong (June 6, 2016) ("6/6/16 Pl. Letter"), DE #35. The Attorney General's Office then responded in a letter, now arguing that the claims against the state defendants should be dismissed *with* prejudice. See Letter in Reply to Plaintiff's Letter (June 7, 2016) ("6/7/16 AG Letter"), DE #36.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure imposes a time limit -- previously, 120 days after the complaint was filed -- for a defendant to be served. See Fed. R. Civ. P. 4(m). If the defendant is not served within that time period,

> the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Id.

As discussed *supra* at pages 2-3, plaintiff did not effect service on the state defendants within the then-applicable 120-day time period. Plaintiff was notified of this fact at the initial conference, and was directed to submit briefing on the matter. See 11/19/15 Minute Entry; 11/19/15 Tr. at 6-8. Plaintiff did not submit briefing, and to date has shown no cause -- good, bad, or otherwise -- for her failure to timely and properly serve the state defendants. As such, dismissal of the complaint against the state defendants is warranted under Rule 4(m).

Additionally, under Rule 41(b), if a "plaintiff fails to prosecute or to comply with [the

-5-

FRCP] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is committed to the discretion of the district court, see Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994); Samonte v. Wanat, No. 13-CV-226 (MKB)(RLM), 2014 WL 1817605, at *4 (E.D.N.Y. May 6, 2014), and may be exercised *sua sponte*, see Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

Courts in the Second Circuit consider five factors in exercising their discretion under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the efficacy of lesser sanctions.

Samonte, 2014 WL 1817605, at *4 (citing Spencer v. Doe, 139 F.3d 107, 112-14 (2d Cir. 1998)). The first factor is broken down into two parts: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." United States *ex rel.* Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004). Generally, no single factor is dispositive. See Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citing Drake, 375 F.3d at 254). Though dismissal with prejudice is considered to be a "harsh remedy that should be utilized only in extreme situations[,]" id. (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993)) (internal quotation marks omitted), courts in this

Circuit have found it to be appropriate where a plaintiff "fail[ed] to effect timely service upon [d]efendants[,] fail[ed] to comply with a court order[,] and . . . fail[ed] to prosecute." Sanchez v. Bushrod, No. 98 CIV 3830 (RCC) (AJP), 2002 WL 230831, at *3 (S.D.N.Y. Feb. 15, 2002).

The circumstances in this case warrant that plaintiff's claims against the state defendants be dismissed with prejudice pursuant to Rule 41(b). Plaintiff has shown a complete lack of interest in pursuing these claims. In the more than six months that have passed since the initial conference, plaintiff's counsel failed to comply with this Court's order that she initiate briefing regarding the adequacy of service on the state defendants, despite her own oral representation that she would do the same. She failed to respond to the Attorney General's May 11th letter by May 31, 2016, despite the District Court's order that she do so. And now, after the expiration of the court-imposed deadline for her response, and without having sought an extension of time, plaintiff seeks to withdraw her claims against the state defendants, while reserving "her right to re-file a lawsuit against these defendants." 6/6/16 Pl. Letter.[4] In short, the only thing plaintiff has done to pursue her case against the state defendants was to attempt to re-serve them, see 5/11/16 AG Letter at 3 -- something this Court expressly denied her leave to do, see 11/19/15 Minute Entry -- in a manner that she does not and cannot argue was effective service. Plaintiff's failure to comply with court orders -- or do anything else to prosecute her claims against the state defendants -- caused a significant delay as to these

---

[4] Notably, the Court previously admonished plaintiff's counsel for making misleading and seemingly inconsistent statements to the Court in this and other pending cases concerning her incapacity to work and meet her deadlines. See Minute Entry (Feb. 3, 2016), DE #20.

defendants, see, e.g., Drake, 375 F.3d at 255 (noting that delays supporting dismissals have ranged from a matter of months to a period of years), and was undoubtedly plaintiff's fault.

The state defendants are correct in their assertion that they would be seriously prejudiced if they were forced to appear in this action at this late date, after the close of fact discovery. See 5/11/16 AG Letter at 3. Plaintiff has received ample notice that dismissal with prejudice would be the likely consequence if she persisted in failing to prosecute her claims against the state defendants. See, e.g., 11/19/15 Minute Entry; 5/11/16 AG Letter at 3 (arguing that the claims be dismissed under Rule 4(m) and that "further requests to re-serve" the state defendants "should not be countenanced"); Order (May 23, 2016); accord Lyell, 682 F.2d at 42 (noting that "the adequacy of notice and a hearing turn on a party's knowledge of the consequences of [her] own conduct" and that a "district court may dismiss under Rule 41(b) when circumstances make such action appropriate, without affording either notice o[r] a hearing before it acts" (citing Link, 370 U.S. at 630-31)). Though dismissal with prejudice is a "harsh" remedy, see Lewis, 564 F.3d at 576, it is warranted where, as here, a plaintiff has committed three strikes: failure to timely and properly serve defendants, failure to obey court orders, and failure to prosecute, see Sanchez, 2002 WL 230831, at *3.[5]

Considering the five factors that the Second Circuit has set forth, see Lewis, 564 F.3d at 576, this Court concludes that dismissal under Rule 41(b) of the claims against the state defendants is warranted. It would be unfair to force the state defendants, who were never

---

[5] Furthermore, the harshness caused by the dismissal of plaintiff's claims against the state defendants is mitigated by the fact that she may still pursue -- and is actively pursuing -- her claims against the city defendants

properly served, to remain in a legal limbo until such time as plaintiff may (or may not) decide to pursue her claims against them. See 6/7/16 AG Letter at 2 (noting that plaintiff's most recent attempt to withdraw her claims without prejudice is a "bald attempt . . . to circumvent a determination on the 120-day rule and to leave open to possibility of attempting to get a second bite at the apple in a different forum.").

## CONCLUSION

For the foregoing reasons, the undersigned magistrate judge respectfully recommends that plaintiff's claims against defendants Ying Hong Wang, Alyce Siegel, Eric Madoff, and Joseph Mullin be dismissed with prejudice for failure to prosecute, pursuant to Rule 41(b) of the FRCP.

Any objections to this Report and Recommendation must be filed with the Honorable Eric N. Vitaliano on or before **June 27, 2016**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**June 8, 2016**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**